# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0405V
UNPUBLISHED

| | |
|---|---|
| NEVA BERNIER,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: December 23, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision on Proffer;<br>Concession; Table Injury; Tetanus<br>Diphtheria acellular Pertussis (Tdap)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA). |

*Leah Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Althea Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On April 8, 2020, Neva Bernier filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that the experienced bilateral shoulder injury related to vaccine administration (SIRVA) resulting from Tdap, pneumococcal, and meningococcal B vaccinations received on March 26, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 13, 2021, I issued a ruling that Petitioner was entitled to compensation for her SIRVA. ECF No. 22. On December 23, 2021, Respondent filed a proffer on an award of compensation, to which Petitioner agrees. ECF No. 28 (attached hereto as Exhibit A). Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $124,111.71 (representing $122,000.00 for pain and suffering, and $2,111.71 for past unreimbursable expenses).** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

NEVA BERNIER )
)
        Petitioner, ) No. 20-405V
) Chief Special Master
      v. ) Brian H. Corcoran
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
        Respondent. )
)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 8, 2020, Neva Bernier ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on September 13, 2021. ECF No. 21. Based on Respondent's Rule 4(c) Report, that same day, Chief Special Master Corcoran found petitioner entitled to compensation for her bilateral SIRVA injuries. ECF No. 22.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $124,111.71. The award is comprised of $122,000.00 for pain and suffering, and $2,111.71 for past unreimbursable out-of-pocket medical expenses. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$124,111.71**, in the form of a check made payable to petitioner.

[1] Petitioner agrees.

    Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

 s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515
Althea.Davis@usdoj.gov

DATED:  December 23, 2021

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.